UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO TYSON | CIVIL ACTION |
| VERSUS | NO. 08-4599 |
| ROBERT C. TANNER – WARDEN, ET AL. | SECTION "C" (1) |

## ORDER AND REASONS

Before the Court is a Motion to Vacate and Set Aside Judgment by the plaintiff, Antonio Tyson. (Rec. Doc. 34). The motion stems from this Court's adjudication and dismissal of the plaintiff's claims under 42 U.S.C. § 1983. (Rec. Docs. 16, 32, 33). The plaintiff requests that this Court should grant his motion pursuant to Rule 60(b) of the Federal Rule of Civil Procedure because he has been denied access to the law library and as a result has been unable to file an appeal of this Court's judgment to the Fifth Circuit Court of Appeal. (Rec. Doc. 34). The plaintiff also requests that this Court grant him a certificate of appealability. *Id.* The factual record of plaintiff's claims have been extensively detailed in the Magistrate Judge's Report and Recommendation, (Rec. Doc. 16), and need not be repeated here.

### I. RULE 60(B) MOTION

Rule 60(b) provides six grounds upon which this Court may grant relief from a final judgment, order, or proceeding: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered by due diligence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Diaz v. Turner,* 2004 WL 2533196, at *2 (N.D.Tex. Nov. 5, 2004); FED. R. CIV. P. 60(b). Plaintiff's motion is timely under Rule 60(c), but he does not allege the ground upon which his motion is based. FED. R.

CIV. P. 60(b), (c); (Rec. Doc. 34). However, even if this Court assumed that the plaintiff is filing his motion under Rule 60(b)(6), it would still be improper. Plaintiff's allegation that he is currently being denied access to a law library is not a justification for vacating his prior judgment. As a result, plaintiff has failed to satisfy the requirements of Rule 60(b).

**II. CERTIFICATE OF APPEALABILITY**

Plaintiff does not need certificate of appealability from this Court in order appeal the dismissal of his 42 U.S.C. § 1983 claims. *See Madis v. Edwards,* 347 Fed. Appx. 106, 107 (5th Cir. 2009). *Cf.* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may be not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding ...; or (B) the final order in a proceeding under section 2255.").

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Vacate and Set Aside Judgment be DENIED. (Rec. Doc. 34).

New Orleans, Louisiana, this 11th day of August, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE